NATIONAL AUDUBON SOCIETY, INC.; et al., Plaintiffs,

and

National Trappers Association, Inc.; et al., Intervenors–Appellants,

v.

Douglas WHEELER, Resources Secretary, State of California; et al., Defendants–Appellees,

Protect Pets and Wildlife/Vote Yes
on Proposition 4, Defendant–
Intervenor–Appellee.

No. 04–17477.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Jan. 19, 2006.

Laurens H. Silver, Esq., California Environmental Law Project, Mill Valley, CA, John McCaull, National Audubon Society, Sacramento, CA, for Plaintiffs.

John L. Staley, Esq., San Diego, CA, for Intervenors–Appellants.

Clifford T. Lee, DAG, AGCA-Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: KOZINSKI and SILVERMAN, Circuit Judges, and BENITEZ,* District Judge.

MEMORANDUM **

"In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004), *reh'g denied,* 542 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004). In this litigation the Trappers have stipulated that they are neither relying on a risk-of-prosecution injury nor a financial injury. Moreover, the Trappers do not assert an aesthetic injury as did another plaintiff below, the National Audubon Society. Instead, the Trappers argue that their voluntary decision to comply with Proposition 4 (and refrain from using their preferred methods of trapping predatory animals) constitutes a sufficient injury in fact, and no further showing is required.

The mere disagreement with a law of general application does not itself constitute the sort of concrete and particularized harm required by *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The injury put forward by the Trappers, *i.e.,* the voluntary cessation of their preferred method of trapping, does not support Article III

---

* The Honorable Roger T. Benitez, District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

standing. *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1129–30 (9th Cir.1996) (subjective chill on personal behavior from a challenged criminal statute—outside the First Amendment realm—is not sufficient to confer Article III standing).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.